IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RODNEY DEMETRIUS FLOWERS,        )
                                 )
                    Petitioner,  )
                                 )
            v.                   )        1:13CV1021
                                 )
GUILFORD COUNTY,                 )
                                 )
                    Respondent.  )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a pretrial detainee in Guilford County, North Carolina, previously submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. The Petition challenged a prior conviction for possession of a firearm by a felon obtained by Petitioner on November 7, 2012, in the Superior Court of Guilford County in case 11CRS81679. The undersigned Magistrate Judge struck that Petition and stayed the matter to allow Petitioner to address the following three problems with his case: (1) he did not pay the $5.00 fee or submit an application to proceed *in forma pauperis*, (2) he did not name the officer of the facility housing him as the respondent, and (3) it appeared that Petitioner was no longer in custody for the conviction he sought to challenge. The Court ordered Petitioner to, within 30 days, fix the first two defects and submit a new Petition accompanied by an attachment stating whether or not he remains in custody on the conviction he seeks to challenge. The Court warned Petitioner that failure to comply would result in dismissal of his case without prejudice.

Petitioner acted promptly, but failed to fix any of the problems. He submitted an *in forma pauperis* application, but did not complete the form by indicating the amount of funds deposited into his inmate trust account during the past six months. This information is necessary in order to make an *in forma pauperis* determination and there is no clear reason why Petitioner completed the remainder of the form, but did not include that total. Petitioner also submitted a new Petition that changed the listed Respondent. However, he only changed the Respondent from "Guilford County" to "Guilford County High Point Jail." He did not, as clearly instructed in the previous Order, name the officer in charge of that facility as the Respondent. Most importantly, Petitioner made no attempt to address the issue of custody. He included only documents from the state court record as attachments to his current Petition and made no statement whatsoever concerning whether or not he remains in custody for the conviction he seeks to challenge. As stated in the previous Order, Petitioner cannot challenge a conviction using § 2254 unless he remains in custody for that conviction. Therefore, the information concerning Petitioner's custody status on the conviction he challenges is vital and it appears that he intentionally chose not to provide it despite being ordered to do so.[1]

---

[1] It is worth noting that all dates included in both the original and current Petitions tend to indicate that Petitioner is no longer in custody for the conviction he seeks to challenge. Further, the records of the North Carolina Department of Public Safety also support that conclusion. They show that Petitioner's sentence in case 11CRS81679 expired on June 18, 2013, resulting in his release from prison. See http://www.doc.state.nc.us/offenders (search for "Rodney Flowers" last completed Dec. 3, 2013); see also Fed. R. Evid. 201(b) ("The [C]ourt may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986) ("Although this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b), we are not precluded in our review of the complaint from taking notice of items in the public record . . . ."); Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (endorsing the taking of judicial notice of data on state website in connection with analysis of legal sufficiency
(continued...)

Based on the facts just set out, Petitioner failed to comply with the Court's prior Order. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). This Rule applies in habeas cases filed under § 2254. Riley v. Prunty, No. 97-56203, 1998 WL 382838 (9th Cir. May 26, 1998) (unpublished) (upholding the dismissal of a § 2254 petition under Rule 41(b) for failure to comply with an order to demonstrate exhaustion of state court remedies); Guyer v. Beard, 907 F.2d 1424 (3rd Cir. 1990) (upholding the dismissal of a § 2254 petition under Rule 41(b) for failing to sign a form as ordered); see also Rule 12, Rules Governing Sect. 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). In this case, Plaintiff disobeyed the Court's Order to submit a properly-completed *in forma pauperis* application or pay the filing fee, name a proper respondent, and submit a new Petition with an attachment addressing whether or not he remains in custody for the conviction he seeks to challenge. These circumstances, particularly the last one, warrant dismissal under Federal Rule of Civil Procedure 41(b).

---

[1](...continued)
of complaint); Stiles v. Marsh, No. 1:13CV86RJC, 2013 WL 3455942, at *1 n.1 (W.D.N.C. July 9, 2013) (unpublished) (taking judicial notice of conviction records on "North Carolina Department of Public Safety web site" for purposes of initial screening of pro se complaint under 28 U.S.C. § 1915A). Although Petitioner apparently remains in pretrial custody on other charges, no basis exists to conclude that he remains in custody for the conviction he challenges. Petitioner's failure to address the matter thus appears to represent an attempt to circumvent the fact that he can no longer challenge the conviction in question under § 2254.

In making this recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Ballard, 882 F.2d at 95. Generally, before dismissing an action under Federal Rule of Civil Procedure 41(b), a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion; and (iv) the existence of a sanction less drastic than dismissal." Id. In this case, Petitioner bears sole responsibility for the instant non-compliance, the record reflects dilatory conduct by Petitioner in prolonging a case that it appears be cannot properly bring, and no other sanction appears feasible or sufficient. As to that last point, the Court (per the undersigned Magistrate Judge) specifically warned Petitioner that his failure to comply with the prior order would result in dismissal of this case. "In view of th[at] warning, the [Court] ha[s] little alternative to dismissal. Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Id. at 96.

IT IS THEREFORE RECOMMENDED that this action be dismissed under Federal Rule of Civil Procedure 41(b).

This, the 4th day of December, 2013.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**